UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

CIVIL ACTION NO. _____

**FILED ELECTRONICALLY**

BANK OF NEW YORK, AS TRUSTEE, SUCCESSOR IN
INTEREST TO JP MORGAN CHASE BANK AS TRUSTEE
101 Barclay Street, 21 W., New York, New York 10286          PLAINTIFF,

V.                              **C O M P L A I N T**

MALENDA HAYNES
201 North Court Street
Grayson, Kentucky 41143

WALTER MULLINS
104 State Highway 1910
Grayson, Kentucky 41143

DORISANN MULLINS
104 State Highway 1910
Grayson, Kentucky 41143

                                    DEFENDANTS.

* * * * * * * * * * * * * * * * * * * *

Comes now the Plaintiff, Bank of New York, as trustee, successor in interest to JP Morgan Chase Bank as Trustee, by and through counsel, Mary Beth Stevenson and Jerry R. Howard of Reisenfeld & Associates, and for its Complaint and cause of action against the Defendants states as follows:

1. This action is brought by , Bank of New York, as trustee, successor in interest to JP Morgan Chase Bank as trustee, pursuant to Title 28, United States Code, Section 1332.

2. At all times herein mentioned, Plaintiff was and is a New York corporation with its articles of incorporation filed in the State of New York and its principal place of business at 101 Barclay Street, 21 W., New York, New York 10286.

3. The Defendant, Malenda Haynes, at all times herein mentioned, was and is a citizen of the State of Kentucky.

4. The Defendants, Walter Mullins and Dorisann Mullins, at all times herein mentioned, were and are citizens of the State of Kentucky.

5. The Defendants, Walter Mullins and Dorisann Mullins, (hereinafter "Mullins") are husband and wife.

6. No Defendant is a citizen of New York nor has a principal place of business within the State of New York.

7. The amount in controversy exceeds $75,000 exclusive of interest and costs.

## COUNT ONE
## BREACH OF CONTRACT

8. On or about March 28, 2002, the Defendant, Malenda Haynes, (hereinafter "Haynes") entered into a contract with Sebring Capital Partners, Limited Partnership, Plaintiff's predecessor in interest, to serve as Closing Agent for loan number 2301882. Said loan was a purchase money mortgages wherein the Mortgagee, Sebring Capital Partners, Limited Partnership, disbursed $19,000.00 to the Mortgagors, Walter Mullins and Dorisann Mullins. A copy of this contract is attached hereto as Exhibit "A".

9. On or about March 28, 2002, Haynes entered into a contract with Sebring Capital Partners, Limited Partnership, Plaintiff's predecessor in interest, to serve as Closing Agent for loan number 301882.  Said loan was a purchase-money mortgage wherein the Mortgagee, Sebring Capital Partners, Limited Partnership, disbursed $80,000.00 to the Mortgagors, Walter Mullins and Dorisann Mullins. A copy of this contract is attached hereto as Exhibit "B".

10. The terms and agreements contained in both contracts were identical.  Therein, Haynes was required to issue a final title policy insuring the full loan amount with no survey exceptions.  More specifically, paragraph 8.(b) of the closing instructions requires "Any Survey Exception must be deleted or amended as allowed by law and provide express insurance as to any encroachments."  Closing Instructions.

11. Haynes breached the terms of these contracts by failing to issue a final title policy insuring the full loan amount.

## COUNT TWO

## QUIET TITLE - ADVERSE POSSESSION

12. The Plaintiff incorporates herein as if fully rewritten all of the allegations contained in Count One, and further states that on or about April 2, 1983, Warren V. Jackson and Carol Jackson divided 1.08 acres of land from the total 97 acre tract owned by them in Carter County.  Also on or about April 2, 1983, Warren V. Jackson and Carol Jackson conveyed this 1.08 acre tract to Clifford Haney and Doy Haney, husband and wife, via a deed recorded in Deed Book 187, page 388

on April 2, 1983 of the records of the Carter County Clerk. Said property is commonly known as 1696 Wilson Creek Road, Grayson, Kentucky.

13. On an undetermined date in 1987, Clifford Haney and Doy Haney built a residence at 1696 Wilson Creek Road, Grayson, Kentucky. Upon completion of construction of the residence, Clifford Haney and Doy Haney had knowledge that a portion of the house and the septic system that services the residence did not lie within the parameters of the 1.08 acre tract. Rather, a portion of the residence and the septic system lie on a neighboring parcel of real estate. At that time, Clifford Haney and Doy Haney occupied said property openly and notoriously and under a claim of right, intending to take and hold the coveted property as their own.

14. On or about May 15, 2002, the Mullins purchased the real property in Carter County, Kentucky, commonly known as 1696 Wilson Creek Road, Grayson, Kentucky from Clifford Haney and Doy Haney. The deed conveying said property was recorded in Book 75, page 269 on April 2, 2002 in the Carter County Clerk's Office.

15. At the time of this conveyance, the Mullins had knowledge that a portion of the house and the septic system that services the residence did not lie within the parameters of the 1.08 acre tract, rather, a portion of the residence and the septic system lie on a neighboring parcel of real estate. Since May 15, 2002, the Mullins continued to occupy this property openly and notoriously and under a claim of right, intending to take and hold the coveted property as their own.

16. At an undetermined date in 2003, the neighboring piece of real estate on which the residence partially sat was continuously, openly, and notoriously occupied

under a claim of right for fifteen years. At such time, the elements of adverse possession were satisfied and the Mullins perfected title to said property.

17. Pursuant to a foreclosure action and Master Commissioner sale, the Plaintiff acquired title to 1696 Wilson Creek Road, Grayson, Kentucky by virtue of a Master Commissioner's Deed filed in book 162, page 148 of the Carter County Clerk's on December 16, 2005. At that time, the Plaintiff acquired title to all the real estate to which the Mullins were entitled. The Plaintiff, therefore, acquired title to the adversely possessed tract of land.

18. As such, upon presentation of the meets and bounds description of said adversely possessed tract of land, the Master Commissioner of Carter County should be ordered to issue a corrective deed, amending that recorded in book 162, page 148, to also include the amount of land necessary to eliminate the encroachment and meet all state, county and city building codes and regulations.

## COUNT THREE
## QUIET TITLE - EQUITABLE RIGHT TO PURCHASE

19. The Plaintiff incorporates herein as if fully rewritten all of the allegations contained in Count One and Count Two, and further states that on or about May 15, 2002, the Mullins purchased real property in Carter County, Kentucky, commonly known as 1696 Wilson Creek Road, Grayson, Kentucky. Said real property consisted of a 1.08 acre tract and a house.

20. The Mullins executed a Note and Mortgage in favor of Sebring Capital Partners, Limited Partnership for $99,000.00 to purchase said real property. The Mortgage was recorded on April 2, 2002 in Volume 75, page 277, of the records of Carter

County and was subsequently assigned to the Plaintiff. Copies of the Note, Mortgage and Assignment are attached hereto as Exhibit "C", Exhibit "D", and Exhibit "E", respectively.

21. The terms of the Note and Mortgage provide that upon a default in the performance of any of the terms therein, Plaintiff shall have the option to declare the entire indebtedness due, to collect the same by suit and to foreclose the Mortgage. The Mullins defaulted on July 1, 2004 and the Plaintiff exercised its option to declare the entire debt secured by the Mortgage due and payable and to enforce its mortgage. A foreclosure action was filed in Carter County Circuit Court on November 10, 2004, Civil Action Number 04-CI-00432.

22. Judgment was entered on behalf of the Plaintiff April 4, 2005 and the real property was sold by the Carter County Master Commissioner on July 29, 2005. The Plaintiff was the successful bidder and presently holds valid title to the real estate by virtue of a Master Commissioner's Deed filed in book 162, page 148 of the Carter County Clerk's on December 16, 2005.

23. Thereafter, Plaintiff discovered that a portion of the residence and the septic system that services the residence do not lie within the parameters of the foreclosed real estate. Rather, a portion of the residence and the septic system lie on a neighboring parcel of real estate presently owned by the Mullins. Said encroachment was known to the Mullins at the time they acquired title to and mortgaged the real estate and residence located at 1696 Wilson Creek Road, Grayson, Kentucky.

24. At all times the Mullins held title to 1696 Wilson Creek Road and at the time the Mullins mortgaged said property to the Plaintiff, the Mullins knew that a portion of the residence and the septic system that services the residence encroached on the neighboring plat of land.  At all times the Mullins held title to 1696 Wilson Creek Road, at the time the Mullins mortgaged said property to the Plaintiff, and presently, the Mullins hold valid title to said neighboring plat of land.

25. In the alternative to Count Two, therefore, the Mullins should be ordered, in equity, to commission a survey to determine the amount of land necessary to eliminate the encroachment and meet all state, county and city building codes and regulations.  The Mullins should then be Ordered to sell the Plaintiff this parcel at fair market value.

**WHEREFORE**, Plaintiff prays for judgment against all the Defendants named herein as follows:

A.  On Count One, against the Defendant, Malenda Haynes, for damages resulting from breach of contract in an amount to be determined at trial in excess of $75,000.00, court costs, expenses, and a reasonable attorney fees.

B.  On Count Two, a finding that Plaintiff acquired property through adverse possession; that Plaintiff shall present the meets and bounds of said adversely possessed tract of land and the Master Commissioner of Carter County shall be ordered to issue a corrective deed, amending that recorded in book 162, page 148, to also include the amount of land necessary to eliminate the encroachment and meet all state, county and

city building codes and regulations; and all other equitable and legal relief which this Court deems just, fair and equitable.

    C.  In the alternative, on Count Three, an Order that the Mullins commission a survey to determine the amount of land necessary to eliminate the encroachment and meet all state, county and city building codes and regulations; that the Mullins sell such a tract to the Plaintiff at fair market value and all other equitable and legal relief which this Court deems just, fair and equitable.

    Respectfully submitted,

    /s/ Jerry R. Howard
Jerry R Howard (88213)
Mary Beth Stevenson (91032)
Attorney for Plaintiff
Reisenfeld & Associates
2035 Reading Road
Cincinnati, OH  45202
Voice: (513) 322-7000
facsimile: (513) 322-7099